| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Robert Tauler (SBN 241964)<br>Matthew J. Smith (SBN 240353)<br>Tauler Smith LLP<br>11111 Santa Monica Blvd., Suite 500<br>Los Angeles, California 90025<br>Telephone: (310) 746-5601<br>rtauler@taulersmith.com<br><br>Attorneys for Plaintiff<br>NUTRITION DISTRIBUTION LLC |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NEW HEALTH VENTURES LLC, a Pennsylvania Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. '16CV2338 BTM MDD<br><br>**COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 42 (a)(1)(B))**<br><br>**[DEMAND FOR A JURY TRIAL]** |

COMPLAINT

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant"), and in support thereof, aver as follows:

**INTRODUCTION**

1. Defendant Nutrition Arsenal is an online retail company, which claims to be "The best place online to Buy Supplements and Bodybuilding products at discount wholesale prices" and to offer the "The World's Hottest Sports Nutrition!"

2. This is a civil action arising out of Defendant's false and misleading advertising with respect to several products on its website, including various misbranded "dietary supplements." For example and without limitation, Defendant is unlawfully advertising, marketing, distributing, and offering for sale several products containing various "Selective Androgen Receptor Modulators" ("SARMs"), such as Ostarine (collectively, the "SARMs Products"). SARMs, like Ostarine, are synthetic drugs intended to have similar effects as illegal anabolic steroids.

3. On its website www.nutritionarsenal.com and through other promotional materials, Defendant has purposely made false and misleading statements concerning the SARMs Products, including marketing and mislabeling such products as natural "dietary supplements" and misrepresenting to consumers that such products are purportedly safe and have little to no adverse health and safety consequences. Indeed, Defendant fails to disclose any of the recognized side effects of using SARMs.

4. For example, on its website Defendant advertises and offers for sale the product labeled "Revolt Pharma Obliterate Stack," which contains Ostarine and other SARMs. Defendant touts numerous purported benefits of this product, including but not limited to, claiming that it will "enhance strength" and is an "anabolic catalyst" and "potent hardener."

5. However, Ostarine is not a "dietary supplement" and is currently under investigation as a new pharmaceutical drug. Thus, Defendant's Ostarine products, and

any other products containing SARMs, are not recognized as safe and effective for any of the uses suggested by Defendant and may pose significant health and safety risks to consumers.

6. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, since Ostarine is only in phase II clinical trials, medical experts have emphasized that there is "<u>no evidence that Ostarine is safe for humans to consume</u>." Thus, medical experts have concluded that the sale of products containing SARMs, like Defendant's SARMs Products, is "***highly dangerous to public safety***." (Emphasis added.)

7. Moreover, Defendant fails to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendant specifically markets its products to body builders and other competitive athletes.

8. Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its products containing SARMs. Defendant's continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill.

9. Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all products containing Ostarine and/or other SARMs, as Defendant is illegally and falsely marketing such products in violation of the Lanham Act.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332

(diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

11. This Court has personal jurisdiction over Defendant because it has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of California, and this district, including but not limited to, the products containing SARMs. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

13. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Place, Phoenix, Arizona, 85022.

14. Defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant") is a Pennsylvania limited liability company, which lists as its business address: 773 Keystone Industrial Park, Unit 3, PO Box 307, Dunmore, Lackawanna, Pennsylvania, 18512.

15. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences

herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

16. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

### Plaintiff Nutrition Distribution & "Advanced PCT"

17. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

18. Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

19. Around 2008, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

20. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Advanced PCT" in July 2009.

### Defendant's SARMs Products

21. Defendant Nutrition Arsenal is a competing nutritional supplement company in Pennsylvania, which operates the retail website www.nutritionarsenal.com.

22. On its website and through other promotional materials, Defendant touts numerous purported benefits of its various SARMs Products, which are mislabeled as "dietary supplements." In truth, SARMs, like Ostarine, are synthetic drugs intended to have the same kind of effects as androgenic drugs like illegal anabolic steroids. Critically, SARMs are not legal as ingredients in any type of dietary supplement.

23. SARM drugs such as Ostarine are still in the research and testing phases and are currently undergoing investigation and development from a number of pharmaceutical companies. Accordingly, products containing SARMs are not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

24. Defendant has falsely marketed and advertised its SARMs Products, giving consumers the massive gains of illegal steroids and a false sense of security regarding their safety. In reality, Defendant knew all along that its products were not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

25. Defendant's false and misleading advertising is harmful to the marketplace for dietary and nutritional supplements and potentially to individual consumers. Defendant has created an illegitimate marketplace of young bodybuilders who will gain muscle "at all costs," but who are not informed of the dangers of Defendant's products. Users of the SARMs Products have little incentive to use a natural product like Advanced PCT until they are hurt or the product is taken off the shelves.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

26. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

27. On its website and through other promotional materials, Defendant has purposely made false and misleading statements concerning the SARMs Products, including marketing and mislabeling such products as natural "dietary supplements" and misrepresenting to consumers that such products are purportedly safe and have little to no adverse health and safety consequences. Indeed, Defendant fails to disclose any of the recognized side effects of using SARMs.

5
**COMPLAINT**

28. For example, Defendant touts numerous purported health and physical benefits of its various SARMs Products. In this regard, on its website Defendant advertises and offers for sale the product labeled "Revolt Pharma Obliterate Stack," among others, which contains Ostarine and other SARMs. Defendant claims that this product will "enhance strength" and is an "anabolic catalyst" and "potent hardener."

29. In truth, SARMs, like Ostarine, are synthetic drugs intended to have the same kind of effects as androgenic drugs like illegal anabolic steroids. Critically, SARMs are not legal as ingredients in any type of dietary supplement.

30. Moreover, SARM drugs such as Ostarine are still in the research and testing phases and are currently undergoing investigation and development from a number of pharmaceutical companies. Thus, Defendant's SARMs Products are not recognized as safe and effective for any of the uses suggested by Defendant and may pose significant health and safety risks to consumers.

31. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, since Ostarine is only in phase II clinical trials, medical experts have emphasized that there is "<u>no evidence that Ostarine is safe for humans to consume</u>." Thus, medical experts have concluded that the sale of products containing SARMs, like Defendant's SARMs Products, is "***highly dangerous to public safety***."

32. Moreover, Defendant fails to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendant markets its products to body builders and other competitive athletes.

33. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in California, into believing that they are purchasing a product with different characteristics.

6
**COMPLAINT**

34. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the consequences of taking steroids or illegal substances.

35. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on various websites and shipment of its products into interstate commerce containing false and misleading advertising.

36. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendant and the loss of goodwill in Plaintiff's products. Indeed, Defendant's conduct is a black eye on the industry as a whole, and has the tendency to disparage Plaintiff's products and goodwill.

37. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant") as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing, and selling any product containing Ostarine and/or other Selective Androgen Receptor Modulators ("SARMs");
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;

6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: September 15, 2016   TAULER SMITH LLP


By: ___/s/ Robert Tauler_____
Robert Tauler
NUTRITION DISTRIBUTION LLC

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: September 15, 2016				TAULER SMITH LLP


							By: ___/s/ Robert Tauler_____
							    Robert Tauler
							    NUTRITION DISTRIBUTION LLC