Robert Tauler, Esq. (SBN 241964)
Tauler Smith LLP
8605 Santa Monica Blvd #86963
Los Angeles, CA 90069-4109
(310) 590-3927
rtauler@taulersmith.com

Attorneys for Plaintiff
NUTRITION DISTRIBUTION LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEW HEALTH VENTURES LLC, a Pennsylvania Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE 3:16-CV-02338-BTM-MDD<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) **FALSE ADVERTISING (Lanham Act § 43 (a)(1)(B) );**<br>2) **CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)**<br>3) **CALIFORNIA UNFAIR COMPETITION (Bus. & Prof. Code § 17200, *et seq*.);**<br><br>**[DEMAND FOR A JURY TRIAL]** |

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant"), and in support thereof, aver as follows:

## INTRODUCTION

1.  Defendant Nutrition Arsenal is an online retail company ostensibly selling nutritional supplements but in reality engaged in a criminal enterprise. Nutrition Arsenal sells several products containing controlled substances that have been demonstrated to have severe adverse health risks. Nutrition Arsenal fails to inform its customers (1) of any adverse side effects of its products; (2) that the products are controlled substances; and (3) that the products are banned by anti-doping organizations.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

3.  This Court has personal jurisdiction over Defendant because it has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of California, and this district, including but not limited to, the products contain question. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666

F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

5. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Place, Phoenix, Arizona, 85022.

6. Defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant") is a Pennsylvania limited liability company, which lists as its business address: 773 Keystone Industrial Park, Unit 3, PO Box 307, Dunmore, Lackawanna, Pennsylvania, 18512.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

8. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

## Plaintiff Nutrition Distribution & "Advanced PCT"

9. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

10. Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

11. Around 2008, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

12. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Advanced PCT" in July 2009.

## Nutritional Arsenal's Sale of Dimethazine

13. Defendant Nutrition Arsenal is a competing nutritional supplement company in Pennsylvania, which operates the retail website www.nutritionarsenal.com.

14. Nutrition Arsenal sells various products containing the anabolic-androgenic steroid Dimethazine (referred to herein as "DMZ"). Dimethazine is composed of two Methastorone molecules ba bonded at the center by two nitrogen atoms, also known as an "azine bond." DMZ breaks down into Methastorone when it gets in contact with stomach acid. When this happens, the two molecules of Methastorone act on your body as they would if you had taken the drug on its own.

15. Methastorone is Schedule III controlled substance and is on the World Anti-Doping list of prohibited substances.

16. Additionally, DMZ is considered a "precursor" or "prohormone" since it converts directly into Methastorone. Thus, DMZ is also a "Controlled Substance" under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) (the "CSA")

17. Published, peer-reviewed clinical studies have repeatedly shown prolonged consumption of DMZ to expose humans to extreme health risks including, without

limitation, hepatotoxicity (i.e., liver damage), cholestasis (i.e., bile blockage), acute renal failure, hypogonadism (i.e., decreased function or failure of sexual organs), gynecomastia (i.e., development of breasts in men), and infertility.

18. Despite these severe health risks, Defendant markets DMZ to body builders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported physical benefits without mentioning the overwhelming clinical evidence that such products pose extreme health risks.

19. It is these severe health risks that have led the Federal government to classify most anabolic-androgenic steroids, including DMZ as "Controlled Substances" under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) (the "CSA"), thereby criminalizing the manufacture, distribution or dispensation of such chemicals.

20. Although Defendant knows or should know that its sale of DMZ is dangerous and illegal, Defendant's marketing and advertising with respect to such products suggests the exact opposite.

21. Specifically, Nutrition Arsenal sells a product called "Fury DMZ" which contains DMZ. Nutritional Arsenal markets Fury DMZ as "hands down the strongest anabolic Pre-Workout on the market today!" Nutrition Arsenal claims that "Fury DMZ is an extremely potent, high-intensity, high-stimulant and highly anabolic pre-workout concoction," but never mentions that DMZ is a controlled substance, and never mentions any of the serious side effects of the product.

22. Accordingly, Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell DMZ. Defendant's continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of Plaintiff, a legitimate sport supplement manufacturer, and have caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement and loss of goodwill.

23. Among other things, this action seeks to enjoin Defendant from the manufacture, marketing and sale of any and all products containing DMZ as Defendant is illegally and falsely marketing such products in violation of the Lanham Act and the California Unfair Competition Law.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

24. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

25. Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its DMZ products by, without limitation, failing to disclose their status as controlled substances and failing to disclose the overwhelming clinical evidence that such products pose extreme health risks. Defendant also fails to disclose that DMZ is banned by competitive anti-doping organizations.

26. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

27. This deception is material because (i) it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the health consequences of taking anabolic-androgenic steroids or other "Controlled Substances," and (ii) such decision could lead to dangerous and unanticipated health consequences for such consumers.

28. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on certain websites and shipment of its products into interstate commerce.

29. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Nutrition Arsenal and the loss of goodwill in Plaintiff's products. Indeed, Nutrition Arsenal's conduct is a black eye on the industry as a whole and has the tendency to disparage Plaintiff's products and goodwill.

30. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of Defendant's products in violation of Section 43(a)(1)(B) of the Lanham Act.

## SECOND CLAIM FOR RELIEF

### (Violation of RICO)

31. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

32. Defendant and the co-conspirator doe defendants are engaged in the manufacturing, marketing, and sale of one or more products containing Dimethazine (collectively, the "Dimethazine Products") in violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) (the "Act"), and in connection therewith, falsely advertising and marketing such Dimethazine Products as "dietary supplements" to fitness and bodybuilding enthusiasts.

33. Under Section 841 of the Act, it is illegal (except as otherwise specifically authorized) for any person to knowingly manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense, a "controlled substance." The Act's definition of "controlled substance" includes those steroids that, even if not specifically set forth in the Act's definition of "anabolic steroid," (i) are derived from, or have a chemical structure substantially similar to, a chemical otherwise qualifying as an "anabolic steroid" under the Act, and (ii) have been created or manufactured with the

intent of promoting muscle growth or otherwise having pharmacological effects similar to those of testosterone and/or have been marketed so as to suggest that such chemicals may have such effects. (*See* Section 802(41)(C) of the Act.)

34. Dimethazine is a "controlled substance" under the Act because it is derived from, and structurally similar to, a chemical already deemed to be an anabolic steroid under the Act. On July 30, 2012, the Federal Drug Enforcement Administration ruled that the steroid Methasterone (a/k/a "Methyldrostanolone" and "Superdrol") is a controlled substance. Because Dimethazine is nothing more than two bound Methasterone molecules which separate upon human ingestion, and because Dimethazine is often touted (including by Nutrition Arsenal) as promoting muscle growth, it qualifies as an "anabolic steroid" under Section 802(41)(C) of the Act.

35. Thus, Nutrition Arsenal's sale of Dimethazine is illegal.

36. There is an illegitimate market for peptides among body builders and others who engage in weight training, since it is believed that the use of these substances enhance muscle development.

37. Plaintiff has been injured in his business or property by reason of the Conspiracy Defendants violation of section 1962 by, *inter alia*, the diversion of sales to the Site, which sells products directly in competition with Plaintiff's products.

38. Plaintiff will amend this Complaint to include Doe defendant once their identities are revealed.

## THIRD CLAIM FOR RELIEF

**(Violation of Cal. Bus. & Prof. C. § 17200)**

39. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

40. California Business and Professions Code. Section 17200 provides that "unfair competition shall mean and include and unlawful, unfair or fraudulent business act or practice."

**FIRST AMENDED COMPLAINT**

41. Defendant has engaged in "unfair" conduct by way of their false advertising as detailed above. Defendant has engaged in "illegal" conduct by selling DMZ, a controlled substance, on its website.

42. By reason of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition. Defendants continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Plaintiff to cease such acts, and no way to determine its losses proximately caused by such acts of Defendants. Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further unlawful and unfair conduct by Defendants.

43. As a direct and proximate result of the Defendants' acts of unfair competition, Defendants have wrongfully taken Plaintiff's profits and the benefit of their creativity and investment of time, energy and money. Defendants should therefore disgorge all profits from the above conduct and further should be ordered to perform full restitution to Plaintiff as a consequence of Defendants' unlawful and unfair activities.

## **PRAYER**

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant") as follows:

1. For injunctive relief;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;

5. For treble damages in accordance with 15 U.S.C. § 1117;

6. For punitive damages;

7. For costs and attorneys' fees; and

8. Any other relief the Court may deem appropriate.

DATED: December 12, 2016                    TAULER SMITH LLP


                                            By: ___/s/ Robert Tauler_____
                                                Robert Tauler
                                                NUTRITION DISTRIBUTION LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: December 12, 2016          TAULER SMITH LLP


By: ___/s/ *Robert Tauler* _____
Robert Tauler
NUTRITION DISTRIBUTION LLC

---

**FIRST AMENDED COMPLAINT**