Robert Tauler, Esq. (SBN 241964)
Tauler Smith LLP
8605 Santa Monica Blvd #86963
Los Angeles, CA 90069-4109
(310) 590-3927
rtauler@taulersmith.com

Attorneys for Plaintiff
NUTRITION DISTRIBUTION LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NEW HEALTH VENTURES LLC, a Pennsylvania Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE 3:16-CV-02338-BTM-MDD<br><br>*[Hon. Barry Ted Moskowitz]*<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]<br><br>Date: February 10, 2017<br>Time: 11:00 a.m.<br>Room: 15B<br><br>Trial Date: None Set |

MOTION FOR LEAVE TO AMEND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on February 3, 2017 or as soon thereafter as the matter may be heard in the above-entitled action, in Courtroom 15B of the Honorable Barry Ted Moskowitz, located at Suite 1580, 333 West Broadway San Diego, CA 92101, Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") hereby moves the Court for leave to amend the operative complaint to include new claims.

This motion is made pursuant to Federal Rules of Civil Procedure 15(a). Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend the complaint should be granted. The amendment will not prejudice Defendants, will not cause undue delay, is not requested in bad faith or for dilatory reasons, and is not futile. *See Perez v. Brain*, No. LA CV14-03911 JAK, 2015 WL 3505249, at *6 (C.D. Cal. Jan. 30, 2015) (granting leave to amend).

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the declaration of Robert Tauler and all exhibits attached thereto; the pleadings and papers on file in this action; and on such oral argument and other matters as the Court may properly consider at the time of the hearing of this motion.

Dated: January 3, 2017                              TAULER SMITH LLP


                                                    By: /s/ Robert Tauler
                                                        ROBERT TAULER
                                                        Attorney for Plaintiff
                                                        NUTRITION DISTRIBUTION

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), hereby submits its memorandum of points and authorities in support of its motion for leave to amend its complaint against defendant New Health Ventures, LLC, dba Nutrition Arsenal ("Nutrition Arsenal" or "Defendant").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff inadvertently filed its First Amended Complaint outside of the timeline set forth in the local rules and now seeks formal leave of Court to file.

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff should also be granted leave to amend the operative complaint. *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. Proc. 15(a) (emphasizing that leave to amend the complaint "shall be freely given when justice so requires")). In the Ninth Circuit, "[f]our factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted). As demonstrated below, each of these four factors weighs in favor of granting Plaintiff leave to amend the complaint.

First, Defendants cannot meet their burden of showing prejudice. The case was filed on September 15, 2016 and defendants have not answered the original complaint.

Second, Plaintiff's request is made without undue delay. Although the timeline provided for amendment as a matter of right has passed, this Motion has been brought before any scheduled hearings on Defendant's motion to dismiss.

Third, the request for amendment is not made in bad faith or for dilatory reasons. There is no evidence to the contrary. The proposed amendment will not delay the trial in this action as none has been set, and discovery has not yet commenced.

Fourth, Plaintiff's amendment is not futile because the proposed First Amended Complaint alleges legally sufficient claims for relief. *See Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

For the foregoing reasons, as well as those demonstrated below, the Court should grant this motion in its entirety and grant leave to modify the scheduling order to allow Plaintiff to add additional defendants and additional claims by filing the proposed Second Amended Complaint.

## II. RELEVANT PROCEDURAL HISTORY

The Complaint was filed on September 15, 2016. On October 26, Defendant filed a motion to dismiss set for hearing on December 23, 2016. In lieu of responding to the Motion to Dismiss, Plaintiff filed its First Amended Complaint on December 12, 11 days before the scheduled hearing. A copy of the proposed First Amended Complaint can be found on the Court's docket. [ECF #8]

Defendants, without meeting and conferring, filed a document titled "notice of non-opposition and request for entry of dismissal with prejudice" on December 16. The Court vacated the hearing on Defendants Motion to Dismiss on December 23. Plaintiff now makes the present motion to comply with the local rules.

## III. PLAINTIFF'S PROPOSED AMENDMENTS TO THE COMPLAINT

By its request for leave to amend, Plaintiff seeks to include allegations regarding Defendants marketing and sale of Dimethazine, a schedule III drug.

### 1. Amendments to the Lanham Act Claim

Plaintiff has included claims regarding Defendants false and misleading marketing of Dimethazine ("DMZ"). Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its DMZ products by, without limitation, failing to disclose their status as controlled substances and failing to disclose the overwhelming clinical evidence that such products pose

extreme health risks. Defendant also fails to disclose that DMZ is banned by competitive anti-doping organizations.

### 2. Unfair Business Practices Claim

Plaintiff has included claims regarding Defendants "illegal" sale of Dimethazine and has alleged that sale of the illegal substance amounts to "unfair" conduct under Cal. Bus. And Prof. C. 17200.

### 3. RICO Claim

Plaintiff has alleged that Defendant is engaged in a conspiracy to mislabel drugs and violate the controlled substances act.

## IV. ARGUMENT

### A. Pursuant To Rule 15, Leave To Amend Is Proper

Federal Rule of Civil Procedure 15(a)(2) is very liberal and leave to amend the complaint "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir.2006) (quoting Fed. R. Civ. Proc. 15(a)). In the Ninth Circuit, "[f]our factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted); *Perez v. Brain*, No. LA CV14-03911 JAK, 2015 WL 3505249, at *6 (C.D. Cal. Jan. 30, 2015) (granting leave to amend).

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original); *see also Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (granting leave to amend). The party opposing amendment "bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 186–87.

**MOTION FOR LEAVE TO AMEND**

Moreover, only one of the factors alone is not sufficient to justify the denial of a request for leave to amend.  For example, the Ninth Circuit has held that undue delay alone "is insufficient to justify denying a motion to amend" and, therefore, "reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

In the instant case, each of the four factors weighs in favor of granting Plaintiff leave to amend the complaint.

### 1. The Amendment Will Not Unduly Prejudice Defendants

Defendants bear the burden of establishing that prejudice will result from Plaintiff's amendment.  *See Eminence*, 316 F.3d at 1052.  In the instant case, Defendants cannot make the required showing.  Discovery has not commenced, and no trial date has been set.

### 2. Plaintiff's Request Is Made Without Undue Delay

Plaintiff's motion for leave to file an amended complaint is made without undue delay as no hearings have been conducted in this matter.  Plaintiff filed its First Amended Complaint eleven days before the hearing.

### 3. Plaintiff's Request Is Not Made In Bad Faith Or For Dilatory Reasons

This factor also weighs in favor of granting Plaintiff leave to amend the complaint, as Plaintiff does make this request in bad faith or for dilatory reasons.  There is no evidence to the contrary. Moreover, Plaintiff's proposed amendment to the complaint will not delay this lawsuit.   No trial date has been set.  Thus, the parties have ample time to prepare for the trial of this action.

### 4. Amendment Is Not Futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Perez*, 2015 WL 3505249, at *9 (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). Where, as here, the amended complaint alleges legally sufficient claims for relief, leave to amend should be granted. *See Miller*, 845 F.2d at 214. A substantive evaluation of the merits of Plaintiff's allegations, however, is improper on a motion for leave to amend. *See* William Schwarzer, *et al.*, Federal Civil Procedure Before Trial § 8:422 (noting that, "[o]rdinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.").

In the instant case, Plaintiff's amendment is not futile because the First Amended Complaint alleges legally sufficient claims. The new claims center on Defendants sale and distribution of Dimethazine, which was made a schedule III drug in the 2015 Designer Anabolic Steroid Control Act ("DASCA"). DASCA specifically made Dimethazine illegal since it has "a chemical structure substantially similar to, 1 or more anabolic steroids listed" [in the Controlled Substances Act] and is "created or manufactured with the intent of producing a drug or other substance that…promotes muscle growth" and is "marketed in a manner suggesting that consuming it will promote muscle growth." 21 U.S.C. 802 (41)(C).

Defendant falsely markets DMZ products by, without limitation, failing to disclose their status as controlled substances and failing to disclose the overwhelming clinical evidence that such products pose extreme health risks. Defendant also fails to disclose that DMZ is banned by competitive anti-doping organizations.

## V. CONCLUSION

For the reasons demonstrated above, Plaintiff respectfully requests that the Court grant its motion for leave to amend the complaint.

Dated: January 3, 2017

                                  TAULER SMITH LLP


By: /s/ Robert Tauler
    ROBERT TAULER
    Attorney for Plaintiff
    NUTRITION DISTRIBUTION