UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NUTRITION DISTRIBUTION, LLC, | Case No.: 16-cv-2338-BTM-MDD |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING MOTION TO STRIKE [ECF NOS. 19–20]** |
| v. | |
| NEW HEALTH VENTURES, LLC, | |
| Defendant. | |

Before the Court is Defendant New Health Ventures, LLC's motions to dismiss and strike portions of Plaintiff Nutrition Distribution, LLC's First Amended Complaint ("FAC"). (ECF Nos. 19, 20.) For the reasons discussed below, the Court denies Defendant's motion to dismiss and grants its motion to strike.

## I. BACKGROUND

On June 29, 2017, Plaintiff filed its FAC alleging a single cause of action for false advertisement in violation of Section 43(a)(1)(B) of the Lanham Act. (ECF No. 18.) Plaintiff alleges that Defendant has knowingly made false and misleading statements about its products containing "Selective Androgen Receptor Modulators ("SARMs") by "misrepresenting to consumers that such products are purportedly safe and have little to no adverse health or safety consequences." (FAC ¶ 18.) Plaintiff alleges that Defendant has made false or

misleading statements on "its Websites" about its SARMs products including Ostarine and Cardarine. (Id.) Defendant has allegedly stated that Ostarine has "been used in clinical trials in the medical field successfully for muscle wasting and osteoporosis. The gains expected can be compared to the results on an anabolic steroid cycle, WITHOUT the side effects." (Id.) Defendant has also stated that SARMs like Ostarine "exert many of the same anabolic effects that steroids do, but without many of the sides [sic] [effects] associated with other androgens." (Id.) Plaintiff alleges that Defendant's advertising of its SARMs products is misleading because it does not mention any of the adverse side effects and makes use of scientific language and tone to disingenuously mislead consumers into thinking these products are safe and effective. (Id. ¶¶ 19–20.)

## II. DISCUSSION

**A. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*

When pleading fraud, under Federal Rule of Civil Procedure 9(b), a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**A. Lanham Act**

Section 43(a) of the Lanham Act "allows one competitor to sue another if it alleges unfair competition arising from false or misleading product descriptions." *POM Wonderful LLC v. Coca-Cola Co.*, __ U.S. __, 134 S. Ct. 2228, 2233 (2014). A plaintiff seeking to establish a prima facie case under the Lanham Act must show that:

> (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Newcal Indust. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).

**1. Rule 12(b)(6)**

First, Defendant argues that Plaintiff's claim fails because it has not identified any actionable false or misleading statements or explained why these statements are false or misleading.

Under the Lanham Act, a statement is actionable "if it is affirmatively misleading, partially incorrect, or untrue as a result of a failure to disclose a

material fact." *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 921 (3d. Cir. 1990) (quoting J. Thomas McCarthy, *Trademarks and Unfair Competition*, § 27.7B (2d ed. 1984)); *Southland Farms v. Stover Seed Co.*, 108 F.3d 1134, 1140 (9th Cir. 1997) ("Even if an advertisement is not literally false, relief is available under Lanham Act § 43(a) if it can be shown that the advertisement has misled, confused, or deceived the consuming public."). Federal courts have held that while omissions can be actionable under the Lanham Act if they render affirmative statements false or misleading, a plaintiff must point to such statements at the pleading stage. *See Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 638 (S.D.N.Y. 2016); *see also Oil Heat Ins. V. Northwest Natural Gas*, 708 F. Supp. 1118, 1123 (D. Or. 1988) (holding that a reasonable fact finder could reasonably conclude that Northwest failed to disclose material facts about its product, making the statement untrue).

The Court finds that Plaintiff has sufficiently pled actionable statements. Plaintiff has identified specific statements that are allegedly rendered false or misleading by Defendant's failure to disclose the side effects of its SARMs products while espousing their benefits. While individually these statements may not appear to be literally false, the claim of false advertisement "must always be analyzed in its full context." *Southland Farms*, 108 F.3d at 1139. Because the issue of whether an advertisement is literally false or misleading is a question of fact for a jury to determine, at this juncture, the Court cannot dismiss Plaintiff's cause of action on this ground. *See Newcal Indust.*, 513 F.3d at 1053.

**2. Rule 9(b)**

Second, Defendant argues that Plaintiff's FAC fails because it does not meet Rule 9(b)'s heightened pleading standard.

Lower federal courts have applied this heightened pleading standard to claims under the Lanham Act that are grounded in fraud. *See Seoul Laser Dieboard Sys. Co. v. Serviform, S.R.L.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal.

2013); *see also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010). Though the standard is somewhat relaxed for claims that are based on fraudulent omissions, a plaintiff must still plead the omission or concealment with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (dismissing fraudulent omission claim under Rule 9(b) where plaintiff's claims of nondisclosure were couched in general pleadings); *see also Davidson v. Apple, Inc.*, 16-cv-04942-LHK, 2017 WL 976048, at *9–10 (N.D. Cal. Mar. 14, 2017) (dismissing plaintiffs' fraudulent omission claims as "too vague to provide Defendants with the 'who, what, when, and where' of the allegedly fraudulent omissions, as required by Rule 9(b).").

The Court finds that Plaintiff has met Rule 9(b)'s heightened pleading standard. Plaintiff pleads with particularity the substance of the alleged false and misleading statements. Plaintiff alleges that Defendant made these false and misleading statements "on *its* website, ww.nutritionarsenal.com, and other online media and marketplaces (collectively, the "Websites")." (FAC ¶ 2) (emphasis added). Plaintiff has also pled how these statements are false and misleading to consumers. The Court finds that Plaintiff's allegations are enough to give Defendant fair notice of the alleged false advertisement so that it can adequately defend itself against the claim. *See Transfresh Corp. b. Ganzerla & Assoc.*, 862 F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (finding that a plaintiff met Rule 9(b)'s pleading requirements where it identified specific statements, the source of the statements, where they can be found, and included allegations explaining why the statements are false and misleading).

Accordingly, Defendant's motion to dismiss the FAC is denied.

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) authorizes courts to order striken "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike may

5

be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "[m]otions to strike are generally disfavored." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013).

Plaintiff seeks to "enjoin[] Defendant from producing, licensing, marketing or selling any product containing any SARMs, including without limitation, Ostarine or Cardarine." (FAC at 7.) Defendant moves to strike this claim from the FAC because it argues it is overly broad and not tethered to any alleged false or misleading advertising.

A court is permitted to issue an injunction to prevent a violation under subsection (a) of section 43 of the Lanham Act. 15 U.S.C. § 1116(a). As discussed above, subsection (a) is aimed at preventing "false or misleading description[s] of fact, or false or misleading representation[s] of fact" in a "commercial advertising or promotion" setting. 15 U.S.C. § 1125(a)(1)(B). Thus, the Lanham Act permits courts to issue injunctions to specifically prevent false or misleading advertising. As it stands, Plaintiff's claim for injunctive relief is overly broad as it seeks to stop Defendant from not only falsely advertising its SARMs products, but also from altogether producing, licensing, marketing or selling them. While the Court "has considerably broad discretion in fashioning suitable relief and defining the terms of an injunction," the injunction must nevertheless "be tailored to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991). Indeed, "[a]n overbroad injunction is an abuse of discretion. *Id.*

Accordingly, Defendant's motion to strike is granted. However, Plaintiff is

granted leave to amend its claim for injunctive relief.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 19) is **DENIED** and motion to strike (ECF No. 20) is **GRANTED**. The Court grants Plaintiff leave to file a Second Amended Complaint ("SAC") as to its claim for injunctive relief. Plaintiff must file an SAC that complies with Local Rule 15.1(c) within 15 days of the entry of this Order.

**IT IS SO ORDERED**.

Dated: March 27, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court